IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-HC-2214-D

| | |
|---|---|
| MAKONNEN ROMNEY, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> JONATHAN MINOR, WARDEN, ) <br> ) <br> Respondent. ) | **ORDER** |

Makonnen Romney ("Romney" or "petitioner"), proceeding pro se, petitions the court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking credit against his federal sentence for time spent in custody from December 8, 2006, through April 27, 2007 [D.E. 1].[1] On August 9, 2011, respondent filed a motion to dismiss, or in the alternative, for summary judgment [D.E. 10], along with the declaration of Helen Ramsdell ("Ramsdell"), a Correctional Programs Specialist at the Designation and Sentence Computation Center for the Bureau of Prisons ("BOP") [D.E. 12], and several exhibits. Because respondent attached materials that are outside the scope of the pleadings, the court construes the motion as a request for summary judgment. See Fed. R. Civ. P. 12(d). Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Romney about the motion, the consequences of failing to respond, and the response deadline [D.E. 13]. On September 1, 2011, Romney responded in opposition [D.E. 14].

---

[1] Romney originally sought credit for the period of time from November 30, 2007 until July 18, 2008, but the parties agree that the Bureau of Prisons has now awarded him credit for that time period. Thus, that aspect of Romney's petition is moot. Mem. Supp. Mot. Summ. J. 2; see Resp. Opp'n Mot. Summ. J. 1.

When he filed the petition,[2] Romney was incarcerated at Rivers Correctional Institution, pursuant to a July 18, 2008 conviction in the Superior Court for the District of Columbia for armed robbery in violation of D.C. Code §§ 22-901, 3202, and assault with a dangerous weapon, in violation of D.C. Code § 22-502 ("the D.C. offenses"). Pet. 1; Ramsdell Decl. ¶ 11. On December 6, 2006, Romney was arrested in New Jersey and charged with theft by unlawful taking, 3rd Degree ("the New Jersey offense"). Ramsdell Decl. ¶ 6. "[O]n . . . the same day that Romney was arrested for the state charge, he waived his [M]iranda rights, was interrogated by [f]ederal officials from New York and the District of Columbia, admitted his guilt [to] the . . . D.C. offense[s], and two days later, December 8th, 2006 while in non-federal custody, a non-bailable detainer was lodged against him[,]" preventing Romney from obtaining pre-trial release. Resp. Opp'n Mot. Summ. J. 1.

On April 26, 2007, Romney entered a plea of guilty to the New Jersey offense. Ramsdell Decl. ¶ 7 & Att. 3 (criminal judgment). From December 8, 2006 to April 26, 2007, Romney was in pretrial detention, and New Jersey ultimately credited this incarceration against his New Jersey sentence, which New Jersey imposed on November 30, 2007. Id. ¶ 9 & Att. 10. On April 27, 2007, before imposing its sentence, New Jersey released Romney into the primary custody of the United States Marshal Service. Id. ¶ 8. On July 18, 2008 in the Superior Court of the District of Columbia, Romney pleaded guilty to the D.C. offenses and the court sentenced him to a total term of imprisonment of sixty months. Pet. 1; Ramsdell Decl. ¶ 11 & Att. 6. The criminal judgment awarded Romney "credit for time already served." Id.

In calculating Romney's term of imprisonment, the BOP determined that Romney's term began on July 18, 2008, the date that the D.C. Superior Court imposed sentence. Ramsdell Decl.

---

[2] On September 2, 2011, Romney was released from incarceration. See BOP Inmate Locator, http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=IDSearch&needingMoreList=false&IDType=IRN&IDNumber=28632-050 (last visited Feb. 6, 2012).

¶ 12. The BOP awarded Romney credit for his federal incarceration during the period between April 28, 2007, the day after his release from New Jersey custody into federal custody, through November 29, 2007, the day before the imposition of his state sentence. Id. ¶ 13. Respondent acknowledges that the BOP has not awarded Romney credit for the period from December 8, 2006, through April 27, 2007, "because: (1) he was not in custody as a result of the D.C. . . . offense; (2) he is not entitled to 'double credit' and has already received credit for this time towards his [s]tate sentence; and (3) it is ultimately the BOP's responsibility to calculate jail credit, although the sentencing court issued a general order for credit for time served." Mem. Supp. Mot. Summ. J. 9; see Ramsdell Decl. ¶ 16.

First, because Romney is no longer subject to the term of incarceration he challenges, the court must examine whether it retains jurisdiction to consider his petition. See Friedman's, Inc. v. Dunlap, 290 F.3d 191, 197 (4th Cir. 2002). Because Romney remains subject to supervised release and seeks alternate relief in the form of a reduction in that term of supervised release, the court has jurisdiction to rule on the merits of the petition despite Romney's release from incarceration. See, e.g., Watkins v. Haynes, 445 Fed. App'x 181, 183 (11th Cir. 2011) (per curiam) (unpublished); Wright v. Anderson, No. 5:04-cv-001086, 2008 WL 583442, at *2 (S.D. W. Va. Feb. 29, 2008) (unpublished) (collecting cases).

In considering the motion for summary judgment, the court views the evidence in the light most favorable to plaintiff and applies well-established principles under Rule 56 of the Federal Rules of Civil Procedure. See, e.g., Fed. R. Civ. P. 56; Scott v. Harris, 550 U.S. 372, 378 (2007); Celotex Corp. v. Catrett, 477 U.S. 317, 325–26 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–55 (1986); Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 585–87 (1986). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as

3

to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Anderson, 477 U.S. at 247–48. The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp., 477 U.S. at 325. Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact for trial. See Matsushita, 475 U.S. at 587. "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson, 477 U.S. at 249. In evaluating affidavits submitted in support of or in opposition to a motion for summary judgment, the court may reject inadmissible evidence (such as hearsay) described in such affidavits. See Fed. R. Civ. P. 56(c); Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 962 (4th Cir. 1996).

The National Capital Revitalization and Self Government Improvement Act of 1997, D.C. Code § 24-231(a), vested the BOP with the authority to compute and execute sentences imposed under the D.C. Code. D.C. Code § 24-101(b); see Dunn v. Rivera, No. 0:09-3236-RMG-PJG, 2010 WL 4923137, at *3 (D.S.C. Oct. 25, 2010) (unpublished) ("Thus, BOP has the authority to compute and execute these sentences, including computing pre-sentence credits and determining the sentence termination date."), report and recommendation adopted, 2010 WL 4923490 (D.S.C. Nov. 29, 2010) (unpublished). The BOP may award credit towards a sentence of incarceration for time spent in pretrial detention pursuant to D.C. Code § 24-221.03(a), which provides:

> (a) Every person shall be given credit on the maximum and the minimum term of imprisonment for time spent in custody, or on parole in accordance with § 24-406, as a result of the offense for which the sentence was imposed. When entering the final order in any case, the court shall provide that the person be given credit for the time spent in custody, or on parole in accordance with § 24-406, **as a result of the offense for which sentence was imposed.**

Id. (emphasis added); see McGrigs v. Killian, No. 08 Civ. 6238(RMB)(DF), 2009 WL 3762201,

at *2 (S.D.N.Y. Nov. 10, 2009); BOP Program Statement 5880.33.

The parties dispute whether Romney was in the custody of the New Jersey "as a result of" the D.C. offense. Mem. Supp. Mot. Summ. J. 9; Resp. Opp'n Mot. Summ. J. 1. Romney contends that he was in custody within the meaning of that statute because "[t]he federal detainer was the [p]rimary [reason] that state officials could not release Romney" on bail. Resp. Opp'n Mot. Summ. J. 1. However, courts interpret the relevant D.C. Code provision narrowly. See Tuckson v. Fed. Bureau of Prisons, 729 F. Supp. 2d 122, 124-25 (D.D.C. 2010) ("[u]nder applicable law, petitioner is not entitled to credit for time spent in custody on an unrelated case"); Watts v. United States Parole Comm'n, 657 F. Supp. 2d 83, 85 (D.D.C. 2009). Moreover, "courts applying D.C. Code § 24-221.03(a) have recognized that it does not permit 'double credit' for time served." Dunn, 2010 WL 4923137, at *4. Respondent has presented evidence that the State of New Jersey credited the period of time from December 8, 2006 to April 26, 2007 against Romney's New Jersey sentence. Ramsdell Decl. ¶ 9 & Att. 10. Thus, respondent is entitled to summary judgment.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court determines that reasonable jurists would not find the court's treatment of any of Romney's claims debatable or wrong, and none of the issues are adequate to deserve encouragement to proceed further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c).

For the reasons stated, the court GRANTS respondent's motion for summary judgment [D.E. 10] and DISMISSES petitioner's application for a writ of habeas corpus. The court DENIES a certificate of appealability and DIRECTS the Clerk of Court to close the case.

SO ORDERED. This 6 day of February 2012.

JAMES C. DEVER III
Chief United States District Judge